UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS WAYNE FOX, JR.,

        Plaintiff,

v.

Case No. 1:23-cv-142

Hon. Robert J. Jonker

ARTHUR H. CLARKE, III,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Douglas Wayne Fox, Jr. For the reasons set forth below, this complaint should be dismissed.

    **I.**    **Discussion**

*Pro se* plaintiff is an inmate in the Van Buren County Jail. He has filed a complaint against defendant Arthur H. Clarke, III, a judge in Michigan's 7th District Court. *See* Compl. (ECF No. 1). Plaintiff set forth the following allegations. On January 25, 2023, plaintiff asked Judge Clarke to remove his attorney from the case, because plaintiff had a civil suit and a grievance against the attorney. Plaintiff wanted to represent himself. Judge Clarke did not act in a professional manner and violated plaintiff's due process rights because he told plaintiff "to set [sic] down shut my mouth." *Id*. at PageID.3. According to plaintiff, his "14 day Rule was violated," the judge did not let him present evidence, and "only the prosecutor was allowed to do what ever she wanted." *Id*. Plaintiff stated that "[t]his is not right," that "the court system in Paw Paw MI. is bad," and asked "Please look into this." *Id*. For his relief plaintiff wants "the courts to look into this matter" and that he wants to sue. *Id*. at PageID.4.

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 7). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations." *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004). Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

Here, plaintiff's complaint consists of a conclusory claim that defendant acted in an unprofessional manner and told plaintiff to sit down and shut up in court. Plaintiff's complaint consists of nothing more than "an unadorned, the - defendant - unlawfully - harmed - me accusation" which is insufficient to state a claim for relief. *Id*. Furthermore, plaintiff does not seek any particular relief. Rather, he asks "the [federal] courts to look into this matter" because he wants to sue someone about the state courts in Paw Paw. This Court does not investigate litigants' claims or advise them how to proceed in their cases. "It is not the function of this Court to supervise laymen in the practice of law." *Springer v. Best*, 264 F.2d 24, 26 (9th Cir. 1959). Nor does this court advise litigants on how to proceed. *See In re Post-Newsweek Stations, Michigan, Inc.*, 722 F.2d 325, 328 (6th Cir. 1983) ( "[i]t is settled doctrine that [federal courts] do not render advisory opinions"). For all of these reasons, plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.    RECOMMENDATION

Accordingly, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated: March 20, 2023                                /s/ Ray Kent
                                                     RAY KENT
                                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

---

[1] The Court notes that 28 U.S.C. § 1915(e)(B)(iii) provides for the dismissal of an action which "seeks monetary relief against a defendant who is immune from such relief." As a general rule, a judge (such as defendant) is absolutely immune from a suit for monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotation marks omitted). However, § 1915(e)(B)(iii) does not apply in this case, because plaintiff does not seek monetary relief against the judge.